UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 09-6356

_____

DAVID M. KISSI,

Plaintiff - Appellant,

v.

PRAMCO II, LLC; DLA PIPER, of Maryland and New York; VENABLE
LLP, of Maryland and New York; FRIEDLANDER MISLER; PAUL
KRAMER, Mr. and Mrs.; GRANGER GEORGE MAHER, III, Mr. and
Mrs.; JOSEPH FRANKLIN BRUCE; JULIAN SPIRER; DONALD KAPLAN;
EMC CORPORATION, Bear Stearns, JP Morgan Chase; MONEY STORE,
First Union, Wachovia, Wells Fargo; WASHINGTON MUTUAL BANK,
Citicorp; LEGG MASON, INCORPORATED, Mark R. Fetting CEO;
PAUL MEANS, Mr. and Mrs.; COLDWELL BANKER, Joseph Gillespie,
CEO; GE, Steven Wieneke; DAVID WELLS, K Bank (Key Bank);
BUSINESS LOANS EXPRESS, James Quirk; WELLS FARGO & COMPANY;
THE WASHINGTON POST, and Newsweek; MARY GRAHAM; DONALD E.
GRAHAM, Chairman, Washington Post; SAM ZELLER, Chicago
Tribune; TIMOTHY J. RYAN, Publisher, Baltimore Sun;
WASHINGTON TIMES; WENDY MURDOCK, NewsCorp; RUPERT MURDOCK,
NewsCorp; ROLL CALL, Capitol Hill; THE NEW YORK TIMES,
Arthur Ochs Schulzberger; RIGGS HILL CONDO, c/o Hugh
Hardesty, Jr.,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District
Judge. (8:09-cv-00267-AW)

_____

Submitted: October 29, 2010          Decided: November 23, 2010

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

David M. Kissi, Appellant Pro Se.  Amy E. Askew, KRAMON & GRAHAM, PA, Baltimore, Maryland, for Appellee DLA PIPER.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Kissi appeals the district court's order dismissing as frivolous his 42 U.S.C. § 1983 (2006) complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Kissi v. Pramco II, LLC, No. 8:09-cv-00267-AW (D. Md. Feb. 12, 2009).

Appellee DLA Piper has moved, pursuant to Fed. R. App. P. 38, for an order enjoining Kissi from filing an action in any court, including state courts, without prior approval. We find the authority cited by DLA Piper to be unpersuasive in supporting such a blanket injunction. However, in light of Kissi's repeated abusive filings, we find sanctions appropriate. Accordingly, we grant the motion as follows: Kissi is hereby directed to pay DLA Piper the sum of $500; moreover, he is enjoined from filing any further actions in this court until this sanction is paid and a district court judge certifies that his claim is not frivolous.

We deny Kissi's motion for appointment of counsel, as well as all of his remaining pending motions, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3